LINDA ANN FORSTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forster v. Commissioner
Docket No. 23904-86.
United States Tax Court
T.C. Memo 1988-4; 1988 Tax Ct. Memo LEXIS 4; 54 T.C.M. (CCH) 1467; T.C.M. (RIA) 88004; January 4, 1988. Linda Ann Forster, pro se. Michael Urban, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: Respondent *5 determined a deficiency in petitioner's income tax for 1983 in the amount of $ 6,288 and additions to tax under the Internal Revenue Code of 1954, as amended, as follows: § 6653(a)(1)
§ 6653(a)(2)
§ 6651(a)
§ 6661
$ 314.40
*
$ 726.75
$ 628.80
The issues for decision are whether petitioner had unreported wage and interest income of $ 30,453, whether she is liable for additions to tax for negligence, delinquency, and substantial understatement of liability, and whether damages should be awarded to respondent under section 6673. [1]
Petitioner's legal residence at the time of the filing of the petition was Groves, Texas. During 1983 petitioner worked for Union Oil Co. of California and received compensation for labor therefrom. When petitioner appeared at trial, although invited repeatedly to do so, she did not address any substantive issue raised in the notice of deficiency. *6 Instead, she repeatedly asked the Court what type of tax was being asserted and what her basis in her salary was. When asked by the Court whether she filed an income tax return for the year in issue, she declined to answer, asserting her Fifth Amendment privilege. The Court reminded petitioner that she bore the burden of proving respondent's determination was incorrect; nevertheless she did not enlighten us about any substantive matters regarding her income tax liability. During the course of these proceedings petitioner served protester-type interrogatories on respondent. We granted respondent's motion for protective order on November 7, 1986, and denied petitioner's subsequent motion to compel respondent to answer the same interrogatories, by our order dated August 18, 1987. In that order, we stated: We call petitioner's attention to section 6673, which provides that whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax *7 Court. Allegations that wages are not taxable income, or that wage earners are not required to file income tax returns have been declared frivolous by this Court many times, and we have no hesitated to impose damages in such cases. We trust, therefore, that petitioner will be prepared at trial to discuss the substantive merits of her case rather than rely on these or similar groundless theories. Despite the Court's admonition petitioner did not discuss the substantive merits of her case at trial, although she acknowledged that she knew wages were taxable income. The burden of proof is on petitioner to show that respondent's determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner submitted no evidence that respondent's determinations were incorrect. Therefore, we uphold respondent with regard to the deficiency and additions to tax determined in the notice of deficiency. [2]
*8 Furthermore, we are convinced that petitioner instituted and maintained these proceedings primarily for delay and that her position is frivolous and groundless. She was clearly warned by the Court on August 18, 1987, to direct her arguments to the substantive merits of her case. However, at trial on November 30, 1987, she failed to do so. Regardless of what her mistaken belief might have been when she filed her petition in this case, it is clear that this action was maintained solely for delay. Petitioner has wasted the Court's time. Damages will be awarded to the Government in the amount of $ 3,000. Decision will be entered for the respondent.
Footnotes
*. To be based on an underpayment of $ 6,288. ↩
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. As of the date the notice of deficiency in which respondent determined the section 6651(a) addition to tax against petitioner was issued, the section 6661(a) addition to tax was equal to 10 percent of the underpayment attributable to a substantial understatement. The Tax Reform Act of 1986, Pub. L. 99-514, section 1504(a), 100 Stat. 2085, 2743, increased the section 6661(a) addition to tax to 20 percent of the underpayment attributable to a substantial understatement for returns the due date of which, determined without regard to extensions, is after December 31, 1986. The Omnibus Reconciliation Act of 1986, Pub. L. 99-509, section 8002(a), 100 Stat. 1874, 1851, increased the section 6661(a) addition to tax to 25 percent of the underpayment attributable to a substantial understatement for additions to tax assessed after October 21, 1986. Respondent has not amended his answer to seek an increase to the section 6661(a) addition to tax over the amount determined in the notice of deficiency. Accordingly, we express no opinion at this time as to the effect of either of the above-referenced Acts on section 6661(a). We merely sustain respondent's determination of the section 6661(a) addition to tax equal to 10 percent of the underpayment attributable to the substantial understatement. ↩